```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          ORLANDO DIVISION
                      CASE NUMBER 6:22-mj-1792
                      CASE NUMBER 6:22-mj-1797


. . . . . . . . . . . . . . . .
UNITED STATES OF AMERICA,       :
                                :
          Plaintiff,            :
                                :       Orlando, Florida
               v.               :       August 11, 2022
                                :       2:42 p.m.
NACOE RAY BROWN,                :
                                :
          Defendant.            :
. . . . . . . . . . . . . . . .


       TRANSCRIPT OF INITIAL APPEARANCE HEARING

     BEFORE THE HONORABLE LESLIE R. HOFFMAN PRICE
              UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


Counsel for Government:      Michael Felicetta


Counsel for Defendant:       Michael S. Ryan



Court Reporter:    Amie R. First, RDR, CRR, CRC, CPE
                   Federal Official Court Reporter
                   401 West Central Boulevard, Suite 4600
                   Orlando, Florida  32801
                   AmieFirst.CourtReporter@gmail.com

Proceedings recorded by FTR Gold Digital Recording.

Transcript produced by Computer-Aided Transcription.
```

```
 1                    P R O C E E D I N G S
 2                            *****
 3              (Court called to order.)
 4              THE DEPUTY CLERK:  The case number is 6:22-mj-1792
 5   and 6:22-mj-1797, United States of America versus Nacoe Ray
 6   Brown.
 7              Counsel, please state your appearances on the
 8   record.
 9              MR. FELICETTA:  All right.  Good afternoon,
10   Your Honor.  Michael Felicetta for the Government.  I'm
11   joined by Officer Padilla from the United States Probation
12   Office.
13              THE COURT:  Good afternoon.
14              MR. RYAN:  Good afternoon, Your Honor.
15              I'm Michael Ryan on behalf of Mr. Brown.
16              THE COURT:  Good afternoon.
17              Good afternoon, Mr. Brown.  Can you hear me all
18   right, sir?
19              THE DEFENDANT:  Yes, ma'am.
20              THE COURT:  Okay.  You all can go ahead and be
21   seated.  Thank you.
22              So, Mr. Brown, we're here for an initial
23   appearance on two different charging documents.
24              You've been charged by way of a Criminal Complaint
25   in this district.  And we'll go over that charge and the
```

1  penalties you'll be facing from that.
2          But you've also been charged out of the District
3  of Maryland with a violation of various conditions of your
4  supervised release, your federal probation, so to speak.
5  And we're also going to summarize those violations and the
6  penalties you may be facing from that during this
7  proceeding.  We're also going to go over some of the rights
8  that you have.
9          And we'll talk about further proceedings,
10 including which we're going to handle first, if the case is
11 going to be addressed here first or if I'm going to send it
12 back to Maryland or if Maryland is going to try to transfer
13 everything down here.  We're going to have that discussion
14 in a little bit, try to just figure out the best way to
15 handle all of this.
16         But at any point in time, Mr. Brown, if you have
17 any questions for me, don't hesitate to stop me.  You can
18 ask me whatever you want, and I'll do my best to answer it.
19 If I can't answer it, I'll tell you why.
20         You also have Mr. Ryan sitting next to you.  He's
21 an attorney from our Federal Public Defender's Office.  If
22 at any point in time you want to ask him anything, don't
23 hesitate to stop me, and I can arrange it so you can speak
24 to him confidentially for as long as you need to.
25         Do you understand, Mr. Brown?

1    THE DEFENDANT: Yes, ma'am.
2    THE COURT: Okay. And, Mr. Brown, if you'll do me
3 a favor, this proceeding is being audio-recorded. So when
4 you answer, try to speak as loudly as you can, okay, sir?
5    THE DEFENDANT: Yes, ma'am.
6    THE COURT: Okay. Thank you.
7    So let's talk about some of the rights that you
8 have. And the first one I want to go over with you,
9 Mr. Brown, is the right to remain silent.
10   I'm going to ask you some "yes" or "no" and "do
11 you understand" questions. And in a minute I'm going to
12 ask you some background questions about yourself. But what
13 I'm not going to do is I'm not going to ask you about any
14 of the facts of your case, both the Complaint and the
15 supervision violation, and you're under no obligation to
16 talk about those facts because you have the right to remain
17 silent and not incriminate yourself.
18   But as I just stated, this proceeding is being
19 audio-recorded. So anything you do choose to say during
20 this hearing can be used against you down the road in any
21 further proceedings up through trial and sentencing here
22 and any proceedings that would happen up in the District of
23 Maryland.
24   Do you understand, sir?
25   THE DEFENDANT: Yes, ma'am.

1    THE COURT: Okay. So let me go ahead and ask you
2    those background questions now. And the reason I ask them,
3    Mr. Brown, is I just want to make sure that you're
4    competent and aware of what's going on here today.
5         So can you tell me your date of birth, please?
6         THE DEFENDANT: 2/12/68.
7         THE COURT: Okay. And how far have you gone in
8    your education?
9         THE DEFENDANT: Twelfth grade.
10        THE COURT: Okay. And is English your native
11   language?
12        THE DEFENDANT: Yes, ma'am.
13        THE COURT: Okay. I'm going to ask you a
14   yes-or-no question. I don't need any details yet.
15        In the last 48 hours, have you taken any drugs,
16   alcohol, or medication, including prescriptions?
17        THE DEFENDANT: No, ma'am.
18        THE COURT: Okay. Same question for today. Have
19   you taken any such substances?
20        THE DEFENDANT: No, ma'am.
21        THE COURT: Okay. Do you suffer from any mental
22   disease or condition that would impact your ability to
23   understand what's going on here today?
24        THE DEFENDANT: I had a nervous breakdown in the
25   past.

1          THE COURT:  In the past.
2          THE DEFENDANT:  Yeah.  But not today.
3          THE COURT:  Not today.
4          So are you aware of what's going on today?
5          THE DEFENDANT:  Yes.
6          THE COURT:  Okay.  Thank you, sir.  And I
7  appreciate you telling me that.
8          So with that out of the way, let's talk about a
9  couple of the other rights that you have.
10         The first is under the Due Process Protections
11 Act, as required by Rule 5(f), the United States is ordered
12 to produce all exculpatory evidence to the defendant
13 pursuant to Brady versus Maryland and its progeny.  Failing
14 to do so in a timely manner may result in sanctions,
15 including exclusion of evidence, adverse jury instruction,
16 dismissal of charges, and contempt proceedings.
17         Now, there's two more rights, Mr. Brown, I want to
18 go over with you.  The first may or may not apply.  I'll
19 just tell everybody about it to be safe.
20         It's something called the right to consular
21 notification.  And what that means is if you're not a
22 United States citizen, then you have the right to ask a
23 United States attorney or a United States law enforcement
24 officer to contact the consular office of your country of
25 nationality to let them know that you've been arrested and

Case 6:22-cr-00132-PGB-LHP   Document 45   Filed 06/30/23   Page 7 of 17 PageID 261

7

```
 1   charged with the offenses and violations in this district
 2   and in the District of Maryland.
 3            You don't have to tell me today, Mr. Brown, if you
 4   think that right applies.  I'm not even going to ask you
 5   what your citizenship is.  But if you think that right
 6   might apply, just talk to your attorney about it later on.
 7            Do you understand, sir?
 8            THE DEFENDANT:  Yes, ma'am.
 9            THE COURT:  Okay.  So speaking of attorneys, the
10   other right I wanted to go over with you is the right to an
11   attorney.
12            You have the right to be represented by an
13   attorney at all proceedings in this case.  That includes
14   anything that occurs inside the courthouse or outside the
15   courthouse in the Middle District of Florida or in the
16   District of Maryland.
17            You also have the right to be represented by an
18   attorney at all times that you're questioned by law
19   enforcement.
20            You can hire an attorney of your choosing.  And if
21   you cannot afford one, you have the right to ask the Court
22   to appoint one to represent you.
23            Do you understand, Mr. Brown?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Okay.  Do you remember, Mr. Brown,
```

1  filling out a financial affidavit earlier today, probably
2  while you were with the marshals?  It talks about how much
3  money you make and what your bills are.
4      THE DEFENDANT:  Yes.
5      THE COURT:  Okay.  I have reviewed it, and I do
6  find that you qualify for the appointment of counsel.
7      Would you like me to officially appoint an
8  attorney to represent you in this case?
9      Well, actually, it would be in both matters.
10     THE DEFENDANT:  Yes, ma'am.
11     THE COURT:  Okay.  I'm going to grant that
12 request, and I'm going to enter an order appointing the
13 Federal Public Defender's Office to represent you both in
14 the Criminal Complaint as well as in the violation of
15 supervised release proceeding.
16     As I said before, Mr. Ryan is an attorney from the
17 Federal Public Defender's Office.  He's here representing
18 you today.  He may or may not work on your case going
19 forward, but you're always going to have an attorney from
20 the Federal Public Defender's Office available to you.
21     Do you understand, Mr. Brown?
22     THE DEFENDANT:  Yes, ma'am.
23     THE COURT:  All right.  So I think from this point
24 I'm going to handle the Criminal Complaint first and then
25 we'll talk about the violation of supervision memorandum

1  second.  And then at the end -- we'll get to detention
2  release conditions at the end just to try to keep
3  everything straight in my head since we're doing a combo.
4           So, Mr. Ryan, let's start with the Criminal
5  Complaint.  Do you have a copy of that, sir?
6           MR. RYAN:  Yes, Your Honor.
7           THE COURT:  Have you had an opportunity to review
8  it with your client?
9           MR. RYAN:  A lot.
10          THE COURT:  Mr. Brown, have you had enough time to
11 ask Mr. Ryan any questions you may have about the Criminal
12 Complaint?
13          THE DEFENDANT:  Yes.
14          THE COURT:  Okay.  Thank you, sir.
15          You can sit down, Mr. Ryan.
16          What I'm going to do at this point is I'm going to
17 ask Mr. Felicetta, the assistant United States attorney, to
18 summarize the charge in the Complaint and the penalties
19 you're facing from the Complaint.
20          And I ask that you just pay attention, Mr. Brown.
21          Go ahead, Mr. Felicetta.
22          MR. FELICETTA:  Thank you, Your Honor.
23          Judge, the defendant is charged in a sole count of
24 bank robbery, in violation of 2113(a) of Title 18.
25          It alleges that on June 28th of this year,

```
 1  here in Orange County, that the defendant did rob a bank,
 2  that is, a federal credit union located at 1900 McCoy Road
 3  in Belle Isle, Florida.
 4          The penalty for this offense if he's found guilty
 5  is a term of incarceration of no more than 20 years, a fine
 6  of up to $250,000, a term of supervised release would
 7  follow any imprisonment and that could be up to
 8  three years, and there would be a $100 special assessment
 9  in connection with the offense.
10          THE COURT:  Thank you, Mr. Felicetta.
11          Mr. Brown, do you understand the charge as it was
12  just summarized?
13          THE DEFENDANT:  Yes, ma'am.
14          THE COURT:  Do you understand the penalties as
15  they were just summarized?
16          THE DEFENDANT:  Yes, ma'am.
17          THE COURT:  Okay.  Now, we're going to do the same
18  thing for the violation memo because any of the other
19  hearings, I think, kind of interlap.
20          So, Mr. Ryan, let me ask you, do you have a copy
21  of the violation memo?
22          MR. RYAN:  Yes, Your Honor.
23          THE COURT:  Have you had an opportunity to read
24  that with your client?
25          MR. RYAN:  Not really.  But they arise out of the
```

1  same set of facts.
2          THE COURT:  They do.
3          MR. RYAN:  So, yeah.
4          THE COURT:  So let me ask you this.  Do you want
5  five minutes to talk to your client about it, or are you
6  okay to go forward?
7          MR. RYAN:  I'm okay to go forward.
8          THE COURT:  All right.  Well, let me ask Mr. Brown
9  the same question.
10         Do you want a few minutes to go over the violation
11 memo with your attorney, or are you prepared to go forward
12 now, Mr. Brown?
13         THE DEFENDANT:  I read most of it.  So I'm
14 prepared to move forward.
15         THE COURT:  Okay.  Thank you very much.
16         So then I'm going to ask Mr. Felicetta to do the
17 same thing with this document, summarize the violations and
18 the penalties you may be facing.
19         And I just ask that you pay attention.
20         You're up, Mr. Felicetta.
21         MR. FELICETTA:  Thank you, Your Honor.
22         Judge, this stems from a 2001 Indictment out of
23 the District of Maryland.  In the petition, there are four
24 violations alleged.
25         It alleges that the defendant, in violation

1  number one, was arrested and charged in committing a new
2  offense.  And that is the underlying Complaint I just
3  referenced.
4         And violation number two, three, and four are all
5  grade C offenses.  And those relate to various different
6  cases or things related to his case.
7         Violation two alleges that on June 28th of
8  this year he was arrested and charged with robbery of
9  (indiscernible) and grand larceny.  That is -- I think
10 that's the same -- yes, that's the same set of offense --
11 that's the same set of facts that relate to the bank
12 robbery.
13        Violation number three alleges that the defendant
14 failed to make restitution payments.
15        And violation number four also alleges that he
16 failed to make restitution payments.
17        And the penalties for a violation A is up to
18 three years' imprisonment.  And the penalties for a
19 violation C is also up to two years of imprisonment.
20        THE COURT:  Thank you, Mr. Felicetta.
21        Mr. Ryan, any clarifications or objections to the
22 summary of the four violations and the penalties?
23        MR. RYAN:  No, Your Honor.
24        THE COURT:  Thank you very much.
25        So, Mr. Brown, do you understand the four

1    violations as they were just summarized?

2            THE DEFENDANT: Yes, ma'am.

3            THE COURT: Do you understand the penalties as

4    they were just summarized?

5            THE DEFENDANT: Yes, ma'am.

6            THE COURT: Okay. Now, because -- and the reason

7    I wanted to do those first is because the next couple of

8    hearings kind of overlap into both proceedings so I'm going

9    to do them together.

10           Because you've been charged by a Criminal

11   Complaint in this court and because the predicate acts for

12   almost all of the violations in your supervision violation

13   proceeding occurred in this district, you're entitled to

14   something, Mr. Brown, called a preliminary hearing.

15           And what that means is you have the right to ask

16   the United States to present evidence to the Court to

17   establish that there's probable cause that you committed a

18   violation of your supervised release and the violation of

19   the Complaint, because they're the same, as they've been

20   set forth in those charging documents.

21           Do you understand, sir?

22           THE DEFENDANT: Yes.

23           THE COURT: Okay. You can ask to have that

24   hearing; you can waive your right to have that hearing; or

25   you can ask to have that hearing within a certain time

1  going forward.
2          Do you understand that, Mr. Brown?
3          THE DEFENDANT:  Yes.
4          THE COURT:  Mr. Ryan, what's your client's
5  position of a preliminary hearing?
6          MR. RYAN:  He would like a preliminary hearing and
7  detention hearing.
8          THE COURT:  And a detention hearing.
9          Okay.  So let me turn back to you, Mr. Felicetta.
10 Is the United -- when would the United States be prepared
11 to proceed?
12         Well, let me ask you this question.  Mr. Ryan just
13 kind of hinted.  He asked for a detention hearing.
14         Is the United States seeking detention?
15         MR. FELICETTA:  We are seeking detention.  And
16 we're prepared for that today or at any point when Mr. Ryan
17 would like to schedule it.
18         THE COURT:  Okay.  So then let me turn back to
19 you, Mr. Ryan.
20         Since the United States is prepared to go forward
21 at any point in time, when would you like to have these
22 hearings?
23         Since the United States is seeking detention, the
24 preliminary hearing can be in the next 21 days.  Obviously,
25 they're not asking for an extension of detention.  So you

```
 1  can get up to five days on that.
 2          MR. RYAN:  So they're not prepared for a
 3  preliminary today.  They will be by Tuesday.  So I believe
 4  this Court has availability on Tuesday at 11:00.
 5          THE COURT:  Okay.  Do you want to do both hearings
 6  at the same time?
 7          MR. RYAN:  Yes.
 8          THE COURT:  Okay.
 9          Mr. Felicetta, will the United States be prepared
10  to go forward with both hearings at 11:00 on Tuesday?
11          MR. FELICETTA:  Yes, Your Honor.
12          THE COURT:  Okay.  Then we will do both hearings
13  at 11:00 a.m. on Tuesday.
14          So, Mr. Brown, let me explain what just happened.
15          Thank you, Mr. Ryan.
16          So the United States has just made an oral motion
17  that you be detained.  And your attorney, Mr. Ryan, has
18  said on your behalf that you would like to have a hearing,
19  a preliminary hearing, which is that probable cause hearing
20  I just mentioned, and also a detention hearing to see if
21  there's conditions of release that can be set.
22          We're going to set both of those hearings to
23  happen at the same time for 11:00 in the morning on
24  Tuesday, which I believe is the 16th of August.  You'll
25  come back here, and you'll see me in this courtroom.
```

```
 1              But in the meantime I'm going to order you
 2    detained and remanded back to the custody of the
 3    United States Marshals.
 4              Do you understand, Mr. Brown?
 5              THE DEFENDANT:  Yes, ma'am.
 6              THE COURT:  Okay.  I think that covers everything.
 7    Because until we finish those hearings, I'm not even going
 8    to touch what to do with the Maryland case and transfer or
 9    anything like that.
10              Is there anything else we need to take up today on
11    behalf of the United States?
12              MR. FELICETTA:  No, Your Honor.  Thank you.
13              THE COURT:  Anything else, Mr. Ryan, on behalf of
14    your client?
15              MR. RYAN:  No, Your Honor.
16              Just I would point out that Tuesday at 10:30 I'm
17    in Judge Byron's court, but that should be very quick.
18              THE COURT:  That's fine.  I have a detention
19    hearing at 10:00 a.m. that's probably going to go the full
20    hour, so I don't anticipate us starting before 11:00.  And
21    if you're five minutes late, I won't be upset.
22              MR. RYAN:  Okay.  Thank you.
23              THE COURT:  All right.  Thank you very much.  I'll
24    see you all at 11:00 in the morning on Tuesday the
25    16th.
```

```
1         MR. FELICETTA:  Thank you, Judge.
2         THE COURT:  Thank you.
3         (Proceedings adjourned at 2:55 p.m.)
4                       *****
5
6              C E R T I F I C A T E
7
8         I certify that the foregoing is a correct
9   transcript from the record of proceedings in the
10  above-entitled matter.
11
12  June 30, 2023
13
14      s\   Amie R. First
        Amie R. First, RDR, CRR, CRC, CPE
15      Federal Official Court Reporter
        United States District Court
16      Middle District of Florida
17
18
19
20
21
22
23
24
25
```